IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KAILA SPIRES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-00100 (WLS) |
| | : | |
| RACHEL FULLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2). For the reasons discussed below, the IFP Motion is **GRANTED**. However, as alleged, the *Younger* abstention doctrine prevents the Court from granting the relief requested in Plaintiff's Complaint. Accordingly, the action is **DISMISSED**, without prejudice. Because the Court dismisses the Complaint, Plaintiff's Motion to Appoint Counsel (Doc. 3), Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4), and Motion for Change of Circumstances and Emergency Relief (Doc. 5) are **DENIED**, without prejudice, as moot.

**I.   RELEVANT BACKGROUND**

On August 14, 2025, Plaintiff filed a Complaint (Doc. 1) alleging claims under 42 U.S.C. § 1983 against twenty-seven (27) defendants, many of whom are employed by the State of Georgia's Division of Family and Children Services (DFCS). Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2), a Motion to Appoint Counsel (Doc. 3), and an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4) on that same day. On August 15, 2025, Plaintiff filed a Motion for Change of Circumstances and Emergency Relief (Doc. 5) essentially asserting the same arguments as her request for a temporary restraining order.

**II.   STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an

1

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

### III. LAW AND ANALYSIS

#### A. Poverty Determination

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff's total monthly income is $1,125, and her monthly expenses are $1,460. (Doc. 2 ¶¶ 5–6, 8). Plaintiff states that she has less than $50 in cash savings, and her only asset is a vehicle valued at $2,500. (*Id.* at ¶ 7). Plaintiff has five (5) minor children, all of which are in the custody of the DFCS, but it is unclear from the Motion whether the children rely on Plaintiff financially. (*Id.* at ¶ 9). Plaintiff also advises that her "current income is temporarily reduced" and that the "immediate burden of federal filing fees and legal costs make[] it impossible for [Plaintiff] to retain counsel." (*Id.* at ¶ 11). On these facts, the Court finds that Plaintiff is exempt from prepaying filing fees under 28 U.S.C. § 1915(a). Accordingly, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**.

#### B. Sufficiency of the Complaint

At the second step, the Court reviews the sufficiency of Plaintiff's Complaint. Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

an in forma pauperis complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

1. *Standard of Review*

The Court proceeds to the merits of Plaintiff's Complaint. In so doing, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse her from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

### 2. *Plaintiff's Allegations*

Plaintiff is the mother of five (5) minor children currently in the custody of DFCS. (Doc. 2 ¶ 9). Plaintiff contends that Defendants have violated DFCS policies and other statutory requirements by (1) failing to file case plans with the juvenile court, (2) improperly seizing her children, and (3) depriving Plaintiff of due process hearings. (*See id.* at ¶¶ 21–30). Specifically, Plaintiff alleges that two of the children were unlawfully seized by DFCS officials: Plaintiff's newborn daughter born in February of 2021, and her newborn son, born in June of 2025. (Doc. 1 ¶¶ 21, 28). A hearing in Plaintiff's state custody case was scheduled for August 14, 2025—the same day Plaintiff's Complaint was filed.

### 3. *Plaintiff's Claims*

Based on the foregoing allegations, Plaintiff asserts four counts against state and local officials as well as private citizens for alleged violations of her Constitutional rights under the First, Fourth, and Fourteenth Amendments.[2] Plaintiff requests relief in the form of (1) a temporary restraining order enjoining Defendants from proceeding with the August 14, 2025 hearing, (2) a "preliminary and permanent injunction" prohibiting further violations of Plaintiff's rights, (3) a declaration that Defendants' actions are unlawful, (4) damages, and (5) attorneys' fees. Upon review of Plaintiff's claims, the Court finds that Plaintiff has failed to state a claim that may proceed in this Court because the *Younger* abstention doctrine prevents the Court from granting Plaintiff's requested relief.

## C. *Younger* Abstention

The *Younger* doctrine, established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), states that federal district courts "should not act to restrain an ongoing state court criminal prosecution." *Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990) (citing *Younger*, 401 U.S. at 41). *Younger's* holding has been extended to "noncriminal judicial proceedings where important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see Moore v. Sims*, 442 U.S. 415 (1979) (holding that the principles of *Younger* apply in the context of state child custody cases involving child abuse). Specifically, *Younger* abstention applies in three "exceptional circumstances": (1) "state

---

[2] Because the Court ultimately dismisses Plaintiff's Complaint pursuant to judicial abstention principles, the Court does not distinguish between individual defendants who may be immune from suit and those who would properly qualify as state actors.

4

criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013) (quotation omitted). Before invoking *Younger*, courts also consider (1) whether there is "an ongoing state judicial proceeding," (2) whether "the proceedings implicate important state interests," and (3) whether "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432. If these "factors are met, *Younger* abstention is warranted, and the federal court should abstain and allow the state proceeding to go forward." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023).

Here, this case qualifies as a civil enforcement proceeding. Civil enforcement actions "are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act"; "a state actor is routinely a party to the state proceeding and often initiates the action"; and "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Sprint Commc'ns*, 571 U.S. at 79–80; *see Boatwright as Next Friend of D.B.W. v. Broce*, No. 2:22-CV-38, 2023 WL 2402872, at *4 (S.D. Ga. Mar. 8, 2023) (finding that DFCS custody proceeding qualified as a civil enforcement action). The *Middlesex* factors also support *Younger* abstention. First, Plaintiff filed her Complaint during ongoing state judicial proceedings in the state juvenile court. *Middlesex*, 457 U.S. at 432; (*see* Doc. 1 ¶¶ 24–26) ("In 2025, DFCS initiated new proceedings involving Plaintiff's children[.]"). Second, as the Supreme Court recognized in *Moore*, "[f]amily relations are a traditional area of state concern." 442 U.S. at 435; *Middlesex*, 457 U.S. at 432. Third, Plaintiff has not alleged that she was not afforded an adequate opportunity to raise her constitutional challenges in the state proceeding. *Middlesex*, 457 U.S. at 432; (*see generally* Doc. 1). Indeed, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *see 31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) ("Plaintiffs, having failed to raise their federal claims in the ongoing state proceedings involving them, must overcome this initial presumption [that the state procedures afford an adequate remedy] by demonstrating that the state remedies are inadequate.").

5

As such, the Court concludes that the *Younger* doctrine applies here to bar Plaintiff's claims and requested relief. The Court concludes that the state courts are capable of addressing the constitutional questions presented by Plaintiff's Complaint. *See Alferez ex rel. Calderon v. Chronister*, 41 F. Supp. 2d 1238, 1240–41 (D. Kan. 1999) (quoting *Moore*, 442 U.S. at 435 ("'We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation.'"). Plaintiff's Complaint (Doc. 1) is therefore **DISMISSED**, without prejudice.

Additionally, the Court finds that no exception to the *Younger* doctrine applies here. Courts, including the Eleventh Circuit, have interpreted *Younger* as setting out "three [non-statutory] exceptions to the abstention doctrine [where]: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53–54; *see also Leonard*, 61 F.4th at 908. The Court, however, finds that none of these exceptions apply here. Plaintiff alleges that "Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff's constitutional right to the care, custody, and control of her children." (Doc. 1 ¶ 30). This general and conclusory allegation is unsupported by specific factual allegations which could reasonably give rise to an inference of irreparable harm. The Court therefore concludes that Plaintiff has not shown the presence of exceptional circumstances taking this case outside of *Younger*.

### D. Other Pending Motions

Because the Court has dismissed Plaintiff's Complaint, Plaintiff's remaining motions—Motion to Appoint Counsel (Doc. 3), Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4), and Motion for Change of Circumstances and Emergency Relief (Doc. 5)—are **DENIED**, without prejudice, as moot. Even if Plaintiff's Complaint was not dismissed, the Motions for a Temporary Restraining Order (Doc. 4) and for Change of Circumstances and Emergency Relief (Doc. 5) would also be denied under the *Younger* abstention doctrine to the extent the motions seek to enjoin Defendants from holding further hearings or entering further orders in the custody proceedings.

6

## CONCLUSION

In sum, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**. Even so, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the *Younger* abstention doctrine prevents the Court from granting Plaintiff's requested relief. Accordingly, the above-captioned action is **DISMISSED**, without prejudice.[3] Further, Plaintiff's Motion to Appoint Counsel (Doc. 3), Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4), and Motion for Change of Circumstances and Emergency Relief (Doc. 5) are **DENIED**, without prejudice, as moot.

**SO ORDERED**, this 20th day of August 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] A district court must, generally, *sua sponte* grant a pro se plaintiff at least one opportunity to amend a defective complaint. *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (citing *Silvia v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2001)). If an amendment would be futile, however, a district court need not allow an amendment. *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). Given that the Court is prevented from intervening in the ongoing child custody proceedings that precipitate all of Plaintiff's claims, the Court finds that an amendment would be futile, and therefore dismisses the action without prejudice.